

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Evelyn Gentry ) | |
| ) | |
| Plaintiff, *Pro Se* ) | 1:16-cv-07044 |
| ) | Judge Robert W. Gettleman |
| v. ) | Magistrate Judge Maria Valdez |
| ) | |
| Allied Tube & Conduit, Atkore International, ) | |
| Steve Bishara, & Kevin Fitzpatrick ) | |
| ) | JURY DEMAND |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Evelyn Gentry, proceeding *pro se*, complains against Defendants Allied Tube & Conduit, Atkore International, Steve Bishara, and Kevin Fitzpatrick as follows:

## INTRODUCTION

This is a proceeding for monetary damages and declaratory and injunctive relief to redress the discriminatory acts and omissions of Defendants in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 *et. seq.* (hereinafter "Title VII"), the Civil Rights Act of 1871, 42 U.S.C. § 1981 (hereinafter "§1981"), and the Illinois Human Rights Act , 775 ILCS 5/1-101 *et. seq.*, (hereinafter "IHRA"). Plaintiff is African-American and was subject to unlawful discriminatory treatment by Allied Tube and Conduit ("Allied") and Atkore International ("Atkore") due to the actions and omissions of Kevin Fitzpatrick ("Fitzpatrick"), Atkore's Global Vice President of Human Resources, Steve Bishara ("Bishara"), Vice President of Human Resources – Mechanical Products & Solutions[1], and Molly Kieres, Director – Human Resources. Unlike employees outside of Plaintiff's protected class, Plaintiff was denied the opportunity for promotion, denied additional compensation for performing additional work, and given lower merit increases.

---

[1] With the exception of Allied's Electrical department, all Allied departments are part of the Mechanical Products and Solutions ("MP&S") business unit. Bishara is the most senior human resources professional in the MP&S business unit.

Plaintiff also seeks to recover damages under Illinois state law for breach of contract, tortious interference with contract, conspiracy to deprive Plaintiff of contractual rights, and breach of implied covenant of good faith and fair dealing. In July 2013, Plaintiff was hired as an employment at-will Senior Human Resources Generalist. In or around July 2014, Fitzpatrick and Tim Ireland ("Ireland"), former Director of Human Resources for Allied Tube and Conduit ("Allied"), entered into an oral contract for employment with Plaintiff for a Project Manager position. Plaintiff accepted a Project Manager position in which she would work exclusively until, at a minimum, February 2015. In November 2014, Fitzpatrick and Bishara breached that contract by, among other actions, removing Plaintiff from the Project Manager role for Plaintiff's refusal to agree to work in both the Project Manager position and the Senior Human Resources Generalist position without additional compensation.

## JURISDICTION AND VENUE

1. The jurisdiction of this court for federal claims is pursuant to 28 U.S.C. §§ 1343(3) and 1343(4) (Federal Question), 42 U.S.C. § 1981, and Title VII, 42 U.S.C. §§ 2000e, *et. seq.* Jurisdiction for Illinois state law claims is pursuant to 28 U.S.C. 1367 (Supplemental Jurisdiction).

2. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §1391(b), as many of the acts and omissions giving rise to these claims occurred here and Plaintiff and Defendants may be found in this judicial district.

## THE PARTIES

3. Plaintiff Evelyn Gentry ("Plaintiff") is an African-American female living in Chicago, Illinois. Gentry applied to and was hired for a Senior Human Resources position advertised by Atkore International and Allied Tube and Conduit. Plaintiff began her employment on July 29, 2013 and remains currently employed as a Senior Human Resources Generalist after being removed by Defendants from her Project Manager role in November 2014.

4. Defendant Allied Tube & Conduit (hereafter "Allied") is a U.S. manufacturer of conduit and other products that support the electrical circuitry in physical structures. Allied is registered with the

Illinois Secretary of State as "Allied Tube & Conduit Corporation." Allied is an employer and is engaged in interstate commerce under Section 701 (b), (g) and (h) of Title VII, 42 U.S.C. sec. 20002.

5. Defendant Atkore International (hereafter "Atkore") is the parent company of Allied. Atkore has approximately 3,100 employees and 39 manufacturing and distribution facilities worldwide. (See: http://www.atkore.com/about-atkore/, access on July 5, 2016). Atkore's corporate office is located at 16100 Lathrop Avenue, Harvey, Illinois. (See: Id.) On Plaintiff's current information and belief, Atkore is an employer and is engaged in interstate commerce under Section 701 (b), (g) and (h) of Title VII, 42 U.S.C. sec. 20002. Alternately, Atkore is subject to affiliate liability for Plaintiff's claims due to the actions of Atkore's management team, which resulted in Atkore infringing upon Plaintiff's civil and contractual rights.

6. Defendant Kevin Fitzpatrick ("Fitzpatrick") was at all times relevant hereto employed by Atkore International and Allied Tube and Conduit as Vice President – Global Human Resources. Fitzpatrick works at the Harvey, Illinois location. On information and belief Fitzpatrick is a citizen of Illinois and resides in Chicago, Illinois.

7. Defendant Steve Bishara ("Bishara") begin his employment with Atkore International and Allied Tube and Conduit in or around September 2014, after some of the events that form the basis of this Complaint took place. Bishara is the Vice President – Human Resources, Mechanical Products & Solutions (the business unit of which Allied is a part). Bishara works at the Harvey, Illinois location. On information and belief Bishara is a citizen of Illinois and resides in Illinois.

**FACTS COMMON TO ALL COUNTS**

8. In or around July 2014, Fitzpatrick and former Director of Human Resources for Allied, Timothy Ireland ("Ireland") offered Plaintiff a Project Management position for two Human Resources Information System (HRIS) projects that had stalled in part due to the inability of the incumbent project lead's inability to obtain approval for the required budget and capital expenditure requests.

3

9. Ireland and Fitzpatrick expressly stated that Plaintiff would work *only* in the Project Manager role until, at a minimum duration, February 1, 2015 with the possibility of the duration being extended. In any event, Plaintiff's Project Manager role was to last until July 1, 2015.

10. Plaintiff conditioned her acceptance of the Project Manager position on Fitzpatrick and Ireland's agreement to have Atkore and/or Allied pay Plaintiff's tuition expenses for a Project Management Certification Program of her choice, which Fitzpatrick and Ireland agreed to. Defendants paid Plaintiff's tuition expenses for a Project Management Certification Program in or around July 2014.

11. Having accepted Defendants' offer and at Defendants' direction, in July 2014 Plaintiff transitioned all responsibilities of her Senior Human Resources Generalist position to other members of the human resources team, including Molly Kieres ("Kieres"), Director of Human Resources – Harvey Area Facilities.

12. On or about October 2014, Bishara told Plaintiff that in addition to continuing in the Project Manager role, she would be resuming her Senior Human Resources role. Plaintiff refused to perform the Senior Human Resources Generalist responsibilities. Bishara and Fitzpatrick then called a meeting in October 2014 to reiterate to Plaintiff that she would be resuming the Senior Human Resources Generalist role in addition to the Project Manager role. This was contrary to the agreement that Plaintiff would solely perform in the Project Manager role until at least February 2015. Plaintiff refused to comply with Defendants' dictation of how she would perform under the employment contract.

13. In November 2014 Fitzpatrick and Bishara removed Plaintiff from her Project Manager role and placed her back in the Senior Human Resources Generalist role after Plaintiff refused their command that she perform in both roles and without additional compensation.

14. In November 2014, Defendants' denied Plaintiff advancement opportunity with regard to permitting Plaintiff to continue working in the Project Manager role for the duration agreed upon and awarding Plaintiff additional compensation (to take on the additional Senior Human Resources Generalist role). Plaintiff learned in September 2015 that Defendants' had awarded human resources employees outside her protected class, African-American, with advancement opportunities.

15. In March 2015, Kieres issued Plaintiff's 2014 fiscal year performance review that rated Plaintiff as below expectations in certain categories. Kieres waited until approximately 5 months after the end of fiscal year 2014 to issue the review, which just so happened to be the time of Atkore's merit increase process. Kieres used this performance review as a basis to award Plaintiff a relatively low merit increase. Plaintiff had made Kieres aware of Plaintiff's exchanges with Fitzpatrick and Bishara regarding the disagreement over Plaintiff's Project Manager position.

16. In September 2015, Plaintiff learned that human resources employees outside her protected class had been awarded promotions, additional compensation for performing additional work responsibilities, and higher merit increases while Plaintiff had been denied these very same things.

**FIRST CLAIM FOR RELEIF:**
**BREACH OF CONTRACT**
**(As to Atkore and Allied)**

17. Plaintiff re-alleges and restates Paragraphs 1 through 16 of this Complaint and incorporates them herein.

18. Fitzpatrick and Ireland made an oral offer of employment to Plaintiff for a Project Manager job, the duration of which was to be until July 2015. Fitzpatrick and Ireland agreed to cover tuition expenses for Plaintiff's choice of Project Management certification program. Fitzpatrick and Ireland also agreed to fully relieve Plaintiff of the responsibilities of her Senior Human Resources Generalist role such that she was working exclusively in the Project Manager role until at least February 1, 2015.

19. Plaintiff accepted Fitzpatrick and Ireland's oral offer of employment and began working exclusively in the Project Manager role in or around July 2014. The Project Manager role significantly differed from the Senior Human Resources Generalist role in terms of who Plaintiff reported to, who Plaintiff worked with on a daily basis, and the tasks Plaintiff was responsible for performing.

20. Over the course of three meetings organized by Fitzpatrick and/or Bishara in October and November 2014, Fitzpatrick and Bishara told Plaintiff that in addition to continuing in the Project Manager role, Plaintiff would be placed back in her Senior Human Generalist role. When Plaintiff

5

refused to work in both roles, as it was contrary to the terms of the oral contract of employment, Fitzpatrick and Bishara breached the contract by threatening Plaintiff with separation of employment and removing Plaintiff from the Project Manager role and placing her back into the Senior Human Resources Generalist role before July 2015.

21. As a result of Fitzpatrick and Bishara's actions on behalf of Atkore and Allied, Plaintiff had suffered damages.

## SECOND CLAIM FOR RELIEF:
## BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING
### (As to Atkore and Allied)

22. Plaintiff re-alleges and restates Paragraphs 1 through 21 of this Complaint and incorporates them herein.

23. Defendants Atkore and Allied, through the actions and representations of Fitzpatrick and Ireland, entered into a valid and enforceable contract for employment with Plaintiff for the Project Manager role.

24. Fitzpatrick and Bishara, by threatening Plaintiff with termination if she did not resume the Senior Human Resources Generalist position (without additional compensation for the additional responsibilities) and by removing Plaintiff from the Project Manager role before the agreed upon end date, acted in a manner inconsistent with decency, fairness, and reasonableness in contractual dealings. Fitzpatrick and Bishara attempted to take advantage of Plaintiff and interfere with her rights under the employment contract.

25. As a result of Fitzpatrick and Bishara's actions on behalf of Atkore and Allied, Plaintiff had suffered damages.

## THIRD CLAIM FOR RELIEF:
## TORTIOUS INTERFERANCE OF CONTRACT
### (As to Fitzpatrick & Bishara)

26. Plaintiff re-alleges, and restates Paragraphs 1 through 25 of this Complaint and incorporates them herein.

27. Defendants Atkore and Allied – by and through the actions and representations of Fitzpatrick and Ireland – entered into an oral contract of employment with Plaintiff for a Project Manager role.

28. Over the course of the meetings in October and November 2014, Fitzpatrick and Bishara acted contrary to Atkore and Allied's contractual obligations to Plaintiff when they breached the contract by threatening Plaintiff with separation of her employment with Atkore and Allied, denying her additional compensation for taking on additional Senior Human Resources Generalist responsibilities not included as a term in the contract, and by removing Plaintiff from her Project Manager role.

29. Fitzpatrick and Bishara later awarded human resources employees not in Plaintiff's protected class promotions denied Plaintiff, additional compensation for additional work and higher merit increases.

30. Atkore and Allied's contractual relationship with Plaintiff implicitly and explicitly – through Atkore's non-discrimination policies and statements – provided that Plaintiff would not be subject to discriminatory employment practices based on her race.

31. Fitzpatrick and Bishara intentionally interfered with Plaintiff's contractual relationship by also using race as a motivating factor in their employment decisions related to Plaintiff's Project Manager role.

32. Plaintiff suffered damages as a result of Fitzpatrick and Bishara's actions.

## FOURTH CLAIM FOR RELIF:
## CONSPIRACY TO DEPRIVE PLAINTIFF OF
## CONTRACTUAL RIGHTS
### (As to Fitzpatrick and Bishara)

33. Plaintiff re-alleges, and restates Paragraphs 1 through 32 of this Complaint and incorporates them herein.

34. In October 2014 when Plaintiff disagreed with Bishara that she would be resuming in the Senior Human Resources job in addition to the Project Manager job, Bishara entered into a conspiratorial agreement with Fitzpatrick to deny Plaintiff of the benefit of the employment contract entered into with Defendants. Specifically, Bishara and Fitzpatrick conspired to breach the employment contract by threatening to separate Plaintiff's employment, denying her additional compensation for taking on an additional role, and removing her from the Project Manager role prior to the agreed upon end date.

35. Fitzpatrick and Bishara's actions were contrary to Atkore and Allied's contractual obligations to Plaintiff.

36. Plaintiff suffered damages as a result of Fitzpatrick and Bishara's actions.

## FIFTH CLAIM FOR RELIEF:
## 42 U.S.C. § 1981
### (As to all Defendants)

37. Plaintiff re-alleges and restates Paragraphs 1 through 36 of this Complaint and incorporates them herein.

38. Defendants Atkore and Allied entered into a contractual employment relationship with Plaintiff for the Project Manager role.

39. Defendants intentionally interfered with Plaintiff's contractual rights and ability to enforce her rights under the contract for employment by refusing to offer her additional compensation for the additional Senior Human Resources Generalist work they directed she do, by threatening her with separation of her employment if she did not comply with their instruction, and by removing her from the Project Manager role before the agreed upon duration had expired.

40. Defendants interfered with Plaintiffs rights to contract and her rights to enjoy the benefits under the contract because of her race.

41. Fitzpatrick and Bishara were directly involved in their individual capacities with decisions that interfered with Plaintiff's contractual rights.

42. Plaintiff suffered damages as a result of Defendants' actions.

## SIXTH CLAIM FOR RELIEF:
## TITLE VII
### (As to Atkore and Allied)

43. Plaintiff re-alleges and restates Paragraphs 1 through 42 of this Complaint and incorporates them herein.

44. Plaintiff is a member of a protected class, African American.

45. In or about December 2014 (and at other dates), Defendants denied Plaintiff the opportunity for promotion. Specifically, Defendants' failed to post and solicit applications for human resources jobs for which Plaintiff was qualified. Defendants instead placed human resources employees outside Plaintiff's protected class into those roles without those employees having to apply.

46. Defendants denied Plaintiff additional compensation for the additional and/or substantially different responsibilities Defendants wanted Plaintiff to perform as both a Project Manager and Senior Human Resources Generalist. However, Defendants awarded human resources employees outside Plaintiff's protected class additional compensation for the additional and/or different responsibilities that those employees performed.

47. Defendants also gave Plaintiff lower merit increases than human resources employees outside Plaintiff's protected class.

48. At all times Plaintiff's performance met or exceeded the Defendants' legitimate expectations.

49. A motivating factor in Defendant's repeated discriminatory practices as related to Plaintiff's employment was Plaintiff's race, African-American.

50. As a result of Defendants' discriminatory practices, Plaintiff was denied increases in compensation, including base salary and bonus eligibility / payout.

51. Plaintiff dual filed Charge of Discrimination No. 440-2015-07179 with the U.S. Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR") on September 21, 2015, which was within 300 days of the alleged discriminatory conduct. Plaintiff filed an amendment to her Charge on February 5, 2016. Plaintiff's original and amended Charges of Discrimination are attached hereto as Exhibit A.

52. The EEOC issued a Notice of Right to Sue (the "Notice) on Plaintiff's Charges on April 7, 2016. The Notice is attached hereto as Exhibit B.

53. Plaintiff has filed this Complaint against Defendants within 90 days of receipt of the Notice.

## SEVENTH CLAIM FOR RELIEF: ILLINOIS HUMAN RIGHTS ACT
### (As to Atkore and Allied)

54. Plaintiff re-alleges and restates Paragraphs 1 through 53 of this Complaint and incorporates them herein.

55. Plaintiff alleges the same facts of "Sixth Claim of Relive: Title VII" to support her claims of discrimination under the Illinois Human Rights Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that after trial by jury this Court grant the following relief against Defendants Atkore International, Allied Tube & Conduit, Kevin Fitzpatrick and Steve Bishara as appropriate and permissible for each claim for relief contained herein:

a. Enter a declaratory judgment that the acts and omissions complained of herein in are in violation of the laws of the United States and the state of Illinois.

b. Award Plaintiff lost wages, including lost benefits, which resulted from the unlawful discrimination and breach of contract.

c. Order that plaintiff be awarded a title, salary, and benefits comparable to similarly situated employees outside Plaintiff's protected class.

d. Award Plaintiff compensatory and punitive damages.

e. Award Plaintiff statutory and liquidated damages.

f. Award Plaintiff the costs of this action and reasonable attorney's fees.

g. Grant Plaintiff such other and additional relief the court deems appropriate and necessary.

Respectfully submitted,
Evelyn Gentry, Plaintiff

*[signature]* 7/7/16

*Pro Se*

# Exhibit A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2015-07179 |
|---|---|---|

Illinois Department Of Human Rights                                and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Evelyn B. Gentry | (317) 985-1251 | 10-05-1984 |

Street Address: 5230 South Cornell, Chicago, IL 60615

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ATKORE INTERNATIONAL | 500 or More | (708) 339-1610 |

Street Address: 16100 Lathrop Avenue, Harvey, IL 60426

RECEIVED EEOC
SEP 21 2015
CHICAGO DISTRICT OFFICE

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: 12-01-2014
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on or about July 29, 2013. My current position is Senior Human Resources Generalist. During my employment, I was subjected to different terms and conditions of employment, including, but not limited to, being asked to perform the responsibilities of two separate positions without additional compensation and I was threatened with termination. Subsequently, a similarly situated white employee was promoted to a position that was never posted and that I was never given the opportunity to apply for.

I believe that I have been discriminated against because of my race, Black in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Sep 21, 2015 — Date — Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC FORM 131 (11/09)

# U.S. Equal Employment Opportunity Commission

|  |  |
|---|---|
| ATKORE INTERNATIONAL<br>c/o John Williamson, CEO<br>16100 Lathrop Avenue<br>Harvey, IL 60426 | **PERSON FILING CHARGE**<br><br>**Evelyn Gentry**<br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br>EEOC CHARGE NO.<br>**440-2015-07179** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)  [ ] The Equal Pay Act (EPA)  [ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)  [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **02-NOV-15** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **06-OCT-15** to **Julie C. Bretz, ADR Coordinator, at (312) 869-8052**
If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Damon Jackson, Investigator
*EEOC Representative*
Telephone (312) 869-8152

**Chicago District Office**
**500 West Madison St**
**Suite 2000**
**Chicago, IL 60661**
**Fax: (312) 869-8220**

Enclosure(s): [X] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

[X] Race  [ ] Color  [ ] Sex  [ ] Religion  [ ] National Origin  [ ] Age  [ ] Disability  [ ] Retaliation  [ ] Genetic Information  [ ] Other

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| September 21, 2015 | Julianne Bowman,<br>District Director | /s/ |

EEOC Form 212-A (3/98)

## U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| TO: Illinois Department Of Human Rights<br>100 West Randolph Street<br>Floor 10-100<br>Chicago, IL 60601 | Date **September 21, 2015**<br>EEOC Charge No.<br>**440-2015-07179**<br>FEPA Charge No. |

CHARGE TRANSMITTAL

SUBJECT:

| Evelyn Gentry | v. | ATKORE INTERNATIONAL |
|---|---|---|
| Charging Party | | Respondent |

Transmitted herewith is a charge of employment discrimination initially received by the:

[X] EEOC        [ ] _____   on  **September 21, 2015**
                       Name of FEPA                      Date of Receipt

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

[ ] Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

[ ] The worksharing agreement does not determine which agency is to initially investigate the charge.

[ ] EEOC requests a waiver          [ ] FEPA waives

[ ] No waiver requested             [ ] FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name and Title of EEOC or FEPA Official<br>**Julianne Bowman, District Director** | Signature/Initials |
|---|---|

| Evellyn Gentry | v. | ATKORE INTERNATIONAL |
|---|---|---|
| Charging Party | | Respondent |

TO WHOM IT MAY CONCERN:

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

[ ] This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

| Typed Name and Title of EEOC or FEPA Official<br>**Rocco J. Claps, Director** | Signature/Initials |
|---|---|

| TO: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 | ILL DEPT OF HUMAN RIGHTS<br><br>SEP 2 1 2015<br><br>RECEIVED | Date **September 21, 2015**<br>EEOC Charge No.<br>**440-2015-07179**<br>FEPA Charge No. |
|---|---|---|---|

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>Amended<br>440-2015-07179 |
|---|---|---|

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Evelyn B. Gentry | Home Phone (Incl. Area Code)<br>(317) 985-1251 | Date of Birth<br>10-05-1984 |
|---|---|---|

Street Address: 5230 South Cornell, Chicago, IL 60615

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>ATKORE INTERNATIONAL | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(708) 339-1610 |
|---|---|---|

Street Address: 16100 Lathrop Avenue, Harvey, IL 60426

RECEIVED EEOC
FEB 12 2016
CHICAGO DISTRICT OFFICE

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest – Latest: 09-04-2015
☐ CONTINUING ACTION

THE PARTICULARS ARE (if additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on or about July 29, 2013. My current position is Senior Human Resources Generalist. During my employment, I was subjected to different terms and conditions of employment than non-Black employees, including, but not limited to, being asked to perform the responsibilities of two separate positions without additional compensation, receiving lower merit increases, and being threatened with termination. Subsequently, a similarly situated white employee was promoted to a position that was never posted and that I was never given the opportunity to apply for.

I believe that I have been discriminated against because of my race, Black in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

2/5/2016 — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

# Exhibit B

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Evelyn Gentry<br>5230 South Cornell<br>Unit B<br>Chicago, IL 60615 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2015-07179 | Damon Jackson,<br>Investigator | (312) 869-8152 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Julianne Bowman,
District Director

7/7/16
*(Date Mailed)*

Enclosures(s)

cc:   ALLIED TUBE & CONDUIT CORPORATION
c/o Jennifer L. Colvin, Esq.
Ogletree Deakins
155 N. Wacker Drive
Suite 4300
Chicago, IL 60606