IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVELYN GENTRY, ) | |
| ) | |
| ) | |
| Plaintiff, ) | Case No. 16 C 7044 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| ALLIED TUBE & CONDUIT CORP., ) | |
| ATKORE INTERNATIONAL, INC., ) | |
| STEVE BISHARA, and KEVIN ) | |
| FITZPATRICK, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Evelyn Gentry brought a complaint against Allied Tube & Conduit Corporation, Atkore International, Inc., Steve Bishara, and Kevin Fitzpatrick alleging seven claims, all based on racial discrimination she allegedly suffered in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000 et seq., 42 U.S.C. § 1981, and the Illinois Human Rights Act, 775 ILCS 5/1-101 et seq. Defendants moved to dismiss under Rule 12(b)(6) for failure to state a claim on six of plaintiff's claims (Docs. 10 and 13). For the reasons described below, defendants' motions are granted.

## BACKGROUND[1]

Plaintiff's complaint alleges seven claims: (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Tortious Interference with Contract; (4) Conspiracy to Deprive Plaintiff of Contractual Rights; (5) Violation of 42 U.S.C. § 1981;

---

[1] The following facts are taken from plaintiff's complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

(6) Violation of Title VII; and (7) Violation of the Illinois Human Rights Act. At the heart of plaintiff's complaint are decisions made by her employers, defendants Allied Tube & Conduit Corporation and its parent company, Atkore International, Inc. ("Allied").[2] Plaintiff holds Vice President of Global Human Resources, Kevin Fitzpatrick ("Fitzpatrick"), and Vice President of Human Resources, Mechanical Products and Solutions, Steve Bishara ("Bishara"), responsible for those decisions.

Plaintiff, an African-American woman, began working for Allied as a Senior Human Resources Generalist on July 29, 2013. At some point in July 2014 plaintiff was offered a Project Management position, which she accepted on the condition that Allied pay for her to complete a Project Management Certification Program, which it did. According to plaintiff, Fitzpatrick and Allied's then-Director of Human Resources told plaintiff that she would maintain the Project Management role until July 1, 2015, and she would be working exclusively in that role (presumably with no additional duties) until at least February 1, 2015.

Plaintiff was working, exclusively, in the Project Management role in October 2014 when Bishara told plaintiff that she was also to resume her former duties as a Senior Human Resources Generalist. Plaintiff refused to do so. Later that month, Bishara and Fitzpatrick called a meeting with plaintiff, in which they again informed plaintiff that she was to resume her duties as a Senior Human Resources Generalist in addition to performing her duties as a Project Manager. Plaintiff again refused. Shortly thereafter, in November 2014, Bishara and Fitzpatrick

---

[2] Plaintiff refers to "Atkore and Allied" jointly throughout her pleadings. Because all claims that relate to one relate to both and all references to one are to both, the court will refer to them as "Allied" for simplicity's sake.

removed plaintiff from the Project Management position and she resumed her role as a Senior Human Resources Generalist, which she continues to this day.

Plaintiff alleges that she was denied advancement opportunities when she was returned to her original position. Plaintiff further alleges that she was rated below expectations in certain categories of her 2014 fiscal year performance review, and that those ratings resulted in a relatively low merit increase, presumably in salary. Plaintiff's 2014 fiscal year performance review was conducted by neither Bishara nor Fitzpatrick, but the human resources employee who conducted the review was aware of plaintiff's disagreements with Bishara and Fitzpatrick. According to plaintiff, employees outside of her protected class were awarded promotions, additional compensation for performing additional work responsibilities, and higher merit increases, while plaintiff was not.

## DISCUSSION

**I.      Legal Standard**

When ruling on a Rule 12(b)(6) motion to dismiss, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum L.P. v. City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir. 2004). The pleading must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claim rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." Id.

This standard demands that a complaint allege more than legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## II. Analysis

Defendant Allied argues that plaintiff's first, second, fifth, and seventh claims should be dismissed for failure to state a claim. Defendants Bishara and Fitzpatrick argue that plaintiff's third, fourth, and fifth claims should be dismissed for the same reason. The court will address each of these claims in turn.

### A. Plaintiff's First Claim: Breach of Contract

Plaintiff argues that she entered into an enforceable employment contract with Allied, which Allied breached by removing her from the Project Manager role. According to plaintiff, her July 2014 conversation with Fitzpatrick and Allied's then-Director of Human Resources regarding the Project Manager position constitutes an oral employment contract. Plaintiff's belief that an oral contract was formed during that conversation is premised on the fact that she was told that she would maintain the Project Management role until July 1, 2015, and would be working exclusively in that role until at least February 1, 2015. Allied argues that the conversation was not a clear and definite promise of employment that would alter the presumption that plaintiff's employment was at-will. Allied is correct.

Importantly, plaintiff concedes that Allied hired her as an at-will employee, and the record suggests that she was just that. See Ross v. May Co., 377 Ill. App. 3d 387, 389 (1st Dist. 2007) ("Under Illinois law, an employee hired without a fixed term is presumed to be an at-will employee whose employment may be terminated for any cause or reason."). After conceding her

4

initial at-will status, plaintiff summarily states that she was "made an oral offer of permanent employment" with regard to the Project Manager position. The record does not support this assertion, particularly in light of the skepticism with which Illinois courts view oral employment contracts. Tolmie v. United Parcel Serv., Inc., 930 F.2d 579, 580 (7th Cir. 1991) ("[O]ral employment contracts, at least under Illinois law, are viewed with more skepticism than their formal, written counterparts.") (citation omitted).

Just as with a written employment contract, there must be offer, acceptance, and consideration to form an oral contract, but "the analysis is more scrutinizing" with an oral contract. Id. at 581. "To be enforceable, an oral contract must contain terms which are definite and certain." Baxi v. Ennis Knupp & Associates, Inc., 2011 WL 3898034, at *8 (N.D. Ill. Sept. 2, 2011). This requirement both "sav[es] the judiciary from the very difficult task of reconstructing *ex post facto* the uncertain terms of an uncertain agreement" and "prevents employers from incurring contractual liability for informal statements that were never intended to be anything more than expressions of long continuing good will and hope for eternal association." Id. (citing Tolmie, 930 F.2d at 581). Nothing about the conversation regarding the Project Manager position indicates that it was an offer of permanent employment.

First, the complaint does not indicate that clear and definite terms regarding plaintiff's new "employment contract" were discussed between plaintiff and defendants. See Zemke v. City of Chicago, 100 F.3d 511 (7th Cir. 1996) (affirming dismissal of complaint where purported oral contract failed to allege start date or what employee's salary would be). An enforceable contract is not created where "material terms are not ascertainable," and "[t]he court will not supply missing essential terms to an alleged contract." Baxi, 2011 WL 3898034, at *8. Second,

5

a statement by an employer that an employee will have until a certain date to complete a job "cannot reasonably be construed as an offer of secured, termination-proof employment" until that date. Id. at *9. Finally, as Allied points out, an employer is entitled to modify an at-will employment agreement as a condition of continued employment. See Geary v. Telular Corp., 341 Ill. App. 3d 694, 698 (1st Dist. 2003). Where the at-will employee continues to work after the modification, she "is deemed to have accepted the change" even where continued performance is "grudging and protest-filled." Id.

Here, plaintiff claims that "clear and definite" employment contract terms were discussed between her and defendants. But viewed in the light most favorable to plaintiff, the complaint suggests that, at most, details regarding the Project Manager role were discussed prior to plaintiff transitioning into that role. Additionally, the complaint does not indicate in any way that plaintiff was offered termination-proof employment when she transitioned to the Project Manager role. Rather, the complaint indicates that Allied expected plaintiff to continue in the Project Manager role until February 2015. Such expectation does not transform plaintiff's employment at-will into a guaranteed permanent position. The complaint ultimately shows that plaintiff's employment agreement was modified when she agreed to fill the role of Project Manager, and again when she returned to her role as a Senior Human Resources Generalist.

Plaintiff's arguments to the contrary are unavailing. In her memorandum in opposition to defendants' motions to dismiss, plaintiff merely reiterates the "contract terms" included in her complaint, namely that she was told that she would work exclusively in the Project Manager role until February 2015 at the earliest. This assertion does nothing to cure the defects outlined above. Plaintiff additionally argues that filling the role of Project Manager was not a

6

modification of her employment agreement because there was no consideration for the modification, which is required when employment *is not at-will*. Plaintiff's argument presupposes a finding that an enforceable employment contract was formed during her July 2014 conversation with Fitzpatrick. The court can make no such finding because the complaint fails to allege the facts required to find an enforceable employment contract. Thus, plaintiff's breach of contract claim fails. Accordingly, Allied's motion to dismiss plaintiff's first claim is granted.

B. **Plaintiff's Second Claim: Breach of Implied Covenant of Good Faith and Fair Dealing**

Plaintiff concedes that a breach of the implied covenant of good faith and fair dealing is not an independent cause of action, but rather is incorporated into a claim for breach of contract. Indus. Specialty Chemicals, Inc. v. Cummings Engine Co., 902 F. Supp. 805, 811 (N.D. Ill. 1995) ("[T]he obligation to deal in good faith is implied by Illinois law into every contract and breach of that duty is simply breach of the underlying contract."). As discussed above, the court finds that plaintiff has failed to allege an enforceable employment contract with Allied. Plaintiff's breach of the implied covenant of good faith and fair dealing claim therefore fails along with her breach of contract claim. Accordingly, Allied's motion to dismiss plaintiff's second claim is granted.

C. **Plaintiff's Third and Fourth Claims: Tortious Interference with Contract and Conspiracy to Deprive Plaintiff of Contractual Rights**

Plaintiff alleges that Bishara and Fitzpatrick tortiously interfered with the employment contract she held with Allied by removing her from the Project Manager role and conspired to deprive her of the benefits of that contract. As with plaintiff's second claim, these claims fail

7

absent a finding that plaintiff entered into an enforceable employment contract with Allied. The court cannot make such a finding. Accordingly, Bishara and Fitzpatrick's motion to dismiss plaintiff's third and fourth claims is granted.

### D. Plaintiff's Fifth Claim: Violation of Section 1981

Plaintiff alleges that all of the defendants interfered with her contractual rights and ability to enforce her rights under her employment contract with Allied because of her race. Plaintiff argues that under Robertson v. Lofton, 2013 WL 5796780 (N.D. Ill. Oct. 25, 2013), her claim is sufficient to survive a motion to dismiss because defendants do not challenge her Title VII claim. Plaintiff's reliance on Robertson is misplaced. Noticeably missing from plaintiff's Robertson analysis is the fact that the court's reasoning was based on an existing employment contract. See Robertson, 2013 WL 5796780 at *4 ("It follows that Robertson's §1981 claim is also sufficient to survive a motion to dismiss, as it rests on the same allegations of discrimination as the Title VII claim, *along with the fact that Robertson's employment by the Board was governed by contract*.") (emphasis added).

As with plaintiff's second third, and fourth claims, plaintiff's Section 1981 claim fails absent a finding that plaintiff entered into an enforceable employment contract with Allied. The court cannot make such a finding. Accordingly, plaintiff's Section 1981 claim is dismissed as to all defendants.

### E. Plaintiff's Seventh Claim: Violation of the Illinois Human Rights Act

Plaintiff alleges that Allied discriminated against her in violation of the Illinois Human Rights Act ("IHRA"). Allied argues, and plaintiff concedes, that plaintiff has failed to plead exhaustion of administrative remedies with the Illinois Department of Human Rights ("IDHR").

Under the IHRA, a complainant must file a charge with the IDHR within 180 days of the alleged civil rights violation. See 755 ILCS 5/7A–102(A). Once the IDHR issues a report following its investigation, the complainant has ninety days to choose between proceeding before the Illinois Human Rights Commission or commencing an action in civil court. See 755 ILCS 5/7A–102(D). If, on the other hand, the IDHR fails to issue a report within 365 days, the complainant, at that point, has ninety days to choose between proceeding before the Commission or commencing an action in civil court. See 755 ILCS 5/7A–102(G)(2).

According to the complaint, plaintiff filed a charge of racial discrimination with the IDHR on September 21, 2015 – less than 365 days before she commenced this action on July 7, 2016. At the same time, plaintiff does not claim that the Illinois Human Rights Commission issued a report at all prior to her filing this lawsuit, much less that it did so less than ninety-one days prior, as required by the IHRA. Consequently, neither avenue of relief available under the IHRA has been satisfied. Plaintiff reports no administrative action to indicate that she has exhausted the administrative remedies required under the IHRA, leaving this court without jurisdiction to decide this issue. See Muller v. Morgan, 2013 WL 2422737 at *5 (N.D. Ill. June 3, 2013) ("The reason it is necessary to plead exhaustion of remedies is because such facts are necessary for a court to determine whether it has jurisdiction over the IHRA claim."); Copeling v. Illinois State Toll Highway Auth., 2014 WL 540443, at *4 (N.D. Ill. Feb. 11, 2014) ("Failure to comply with the IHRA's exhaustion requirements warrants dismissal of an IHRA claim."). Allied's motion to dismiss plaintiff's IHRA claim is granted as a result of her failure to plead compliance with the IHRA's exhaustion requirement.

## CONCLUSION

For the foregoing reasons, plaintiff's first, second, fifth, and seventh claims are dismissed as to Allied, and plaintiff's third, fourth, and fifth claims are dismissed as to Bishara and Fitzpatrick. Allied is directed to answer plaintiff's sixth claim (Title VII) on or before February 15, 2017. The parties are directed to file a joint status report using this court's form on or before February 22, 2017. This matter is set for a report on status on March 8, 2017, at 9:00 a.m.

**ENTER:** **January 24, 2017**

_____
**Robert W. Gettleman**
**United States District Judge**